UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SCHMIDT, JR.,

                    Plaintiff,          Civil Action No. 13-50607
                                            Honorable Gerald E. Rosen
                                            Magistrate Judge David R. Grand

    v.

VERSACOMP, INC., a Florida
corporation, d/b/a TNT Lift Systems,

                    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO
STRIKE GARNISHEE DISCLOSURES AND FOR ENTRY OF DEFAULT [27, 28]**

**I.**     **REPORT**

     On July 10, 2013, Defendant Versacomp, Inc., d/b/a TNT Lift Systems ("Defendant"),

filed Motions to Strike Garnishee Disclosures and for Entry of Default against Garnishees

Dinghy Lifts, Inc. and Chareyl Schmidt (collectively the "Garnishees"). (Docs. #27, 28). On

July 15, 2013 and August 7, 2013, Defendant's motions were referred to this Court for a hearing

and determination pursuant to 28 U.S.C. §636(b)(1)(B). (Docs. #29, 32).

     **A.**     **Background**

     As summarized in this Court's prior orders, this case has a somewhat unusual procedural

history. In 2008, in the United States District Court for the Southern District of Florida, Anthony

P. Schmidt, Jr. ("Plaintiff") sued Defendant (and Richard Ulrich). Defendant filed a countersuit

and prevailed. Defendant then was issued a judgment against Plaintiff in that action in the

amount of $199,879.91. (Doc. #1). That judgment has been registered in this Court for

enforcement. (*Id.*). This led Defendant to serve writs of garnishment on Chareyl Schmidt

(debtor Schmidt's wife) and Dinghy Lifts, Inc. (a Michigan company owned by the Schmidts, and whose Michigan resident agent is Chareyl Schmidt) (Doc. #28-3) on April 23, 2013.  (Docs. #7, 9).  Both were served on Michigan addresses.  (*Id.*).

On May 17, 2013, in response to the writs of garnishment, Ms. Schmidt filed two garnishee disclosures in this action, one on behalf of herself, and the other as the corporate representative of Dinghy Lifts.  (Docs. #12, 13).  On each disclosure, Ms. Schmidt simply indicated that Plaintiff was "not employed."  (*Id.*).  On May 24, 2013, Defendant objected to these disclosures.  (Docs. #21, 23).  The same date, Defendant also timely and properly served Ms. Schmidt with requests for production and notices of deposition, both as an individual and as the corporate representative of Dinghy Lifts.  (Doc. #27 at Ex. G; Doc. #28 at Ex. K).  Ms. Schmidt failed to appear for her depositions as scheduled and failed to respond to the requests for production.  (Doc. #27 at ¶13; Doc. #28 at ¶21).

As a result, Defendant filed motions to strike the Garnishees' disclosures and to enter default judgments against the Garnishees pursuant to Fed. R. Civ. P. 37.  After conducting a hearing on Defendant's motions on September 16, 2013 (at which the Garnishees failed to appear), the Court determined that, at that time, the record did not warrant entry of default or the imposition of other drastic remedies (such as striking the Garnishees' disclosures) which might have the same effect.  (Doc. #37).  Rather, the Court ordered the Garnishees to show cause in writing why the Court should not recommend that Defendant's Motions to Strike Garnishee Disclosures and for Entry of Default be granted.  (*Id.*).  Alternatively, the Garnishees were permitted to appear for their depositions on or before October 17, 2013.  (*Id.*).  The Garnishees were warned that failure to timely or adequately respond in writing to the Order to Show Cause, or to timely appear for depositions, could result in a recommendation that Defendant's motions

2

be granted.  (*Id.*).

On October 15, 2013, the Court received two letters from the Garnishees in response to its Order to Show Cause.  (Doc. #39).  Both letters were signed by Chareyl Schmidt, one on behalf of herself and one on behalf of Dinghy Lifts, Inc.  (*Id.*).  On behalf of Dinghy Lifts, Inc, Ms. Schmidt indicated:

> As of the date May 16th, 2013 when I sent back the Garnishee Disclosure there was not anything to Garnishee.  Dinghy Lifts Inc Has been out of Business since April 8th, 2013 due to lack of sales.  It did not own any assets and there were no assets in my name[.]  There were no assets transferred into Dinghy Lifts.  There were no periodic payments made to the defendant or Payroll.  There was no compensation paid to the defendant.  I have been out of business and I have lost my home to the Bank.  I no longer live in Michigan.  The only income I have is my Social Security[.]

(*Id.* at 1).  In her individual response, Ms. Schmidt reiterated some of these same statements, namely that Dinghy Lifts has been out of business since April of 2013, that she lost her home "back to the bank," and that her only income consists of Social Security.  (*Id.* at 2).

On October 22, 2013, Defendant submitted a report to the Court, setting forth the further (unsuccessful) efforts it had undertaken to contact Ms. Schmidt.  (Doc. #40).  In that report, Defendant asserted that Ms. Schmidt's letters "do not explain [her] failure to appear at the depositions and [] offer to be deposed."  (*Id.* at 2).  Defendant continued to argue that the Garnishees "have not complied with the discovery request nor offered a good excuse for their failure to attend depositions and furnish required documents."  (*Id.*).

The Court agreed with Defendant, noting that Defendant need not merely accept Ms. Schmidt's unsworn statements but, rather, was entitled to depose her regarding those assertions.  (Doc. #41).  Consequently, on October 24, 2013, the Court ordered the Garnishees to contact Defendant's attorney, Kenneth Kable, via telephone or e-mail, on or before November 8, 2013, to schedule the deposition of Chareyl Schmidt, both individually and in her capacity as the

3

corporate representative of Dinghy Lifts, Inc.  (*Id.*).  The Garnishees were advised that their failure to timely contact Mr. Kable to schedule Ms. Schmidt's deposition, or to otherwise comply with the Court's order, could result in a recommendation that Defendant's motions be granted, that the Garnishees' disclosures be stricken, and that default be entered against the Garnishees in the full amount of the judgment previously entered in favor of Defendant against Plaintiff.  (*Id.*).  On November 22, 2013, Defendant filed a "Report of Non-Compliance," indicating that Chareyl Schmidt had not contacted Defendant's attorney on or before November 8, 2013, as directed in the Court's order.  (Doc. #42).  The Court has received no information to the contrary.

### B. Analysis

Fed. R. Civ. P. 37(d)(1)(A) permits a court to sanction a party for failing to appear for a deposition or respond to interrogatories and/or requests for production.  These sanctions may include any of the actions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii), which include striking pleadings in whole or in part and/or rendering a default judgment against a disobedient party.

The Court must consider four factors when determining whether to impose discovery sanctions under Fed. R. Civ. P. 37(b):  (1) whether the party's failure to cooperate in discovery was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to severe sanctions (such as default); and (4) whether less drastic sanctions were imposed or considered before more severe sanctions were ordered.  *See Smith v. GC Servs. Ltd.*, 2013 WL 1279414, at *1 (E.D. Mich. Mar. 7, 2013) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)).  In this case, after analyzing the factors set forth above, the Court is persuaded that it is appropriate to strike the Garnishees' disclosures and permit Defendant to seek entry of default against the Garnishees.

4

Under the four-part test set forth above, the first issue to be addressed is whether the Garnishees' failure to appear for deposition and/or respond to requests for production was due to willfulness, bad faith, or fault.  Defendant has offered evidence that, just one week after the Garnishees filed their disclosures, they were served with requests for production and notices of deposition.  There is no indication that the Garnishees did not receive these pleadings and, although subsequent pleadings were returned as undeliverable, these were not.  Defendant has also asserted in its motion that Chareyl Schmidt is helping her husband (debtor Schmidt) conceal assets and that her failure to appear for properly-noticed depositions is part of an ongoing scheme to defraud Defendant.  The Garnishees have offered no evidence to the contrary.  And, given the fact that Chareyl Schmidt submitted a response to this Court's October 15, 2013 Order to Show Cause (Doc. #39), the Court concludes that Ms. Schmidt is (and has been) aware that she was required to appear for a deposition and to respond to Defendant's request for production and she has willfully failed to do so.  Thus, the first factor weighs in favor of striking the disclosures and permitting entry of default.

As to the second factor, Defendant clearly has been prejudiced by the Garnishees' prolonged failure to cooperate in discovery.  Counsel for Defendant has been forced to expend a significant amount of time and energy on matters that should be simple enough:  obtaining relevant documents and conducting necessary depositions.  The Garnishees' conduct in failing or refusing to comply with their discovery obligations is even more acute considering it was Mr. Schmidt (Chareyl Schmidt's husband) who initially sued Defendant in federal court in Florida and, subsequently, had a substantial judgment entered against him as a result of Defendant's countersuit.  Thus, this factor weighs strongly in favor of sanctions.

The remaining two factors also favor striking the Garnishees' disclosures and permitting

entry of default against the Garnishees.  This Court has issued two previous orders directing the Garnishees to schedule and appear for depositions, and giving them every opportunity to do so. (Doc. #37, 41).  In both of those orders, the Garnishees were warned that their failure to do so, or to otherwise timely or adequately comply with the Court's orders, "may result in a recommendation that Defendant's motions be granted, that the Garnishees' disclosures be stricken, and that default be entered against the Garnishees in the full amount of the judgment previously entered in favor of Defendant against Plaintiff."   (Doc. #37, 41).   Thus, the Garnishees have been warned that that their failure to cooperate could result in severe sanctions, up to and including default, and less drastic sanctions have not compelled their compliance.

In sum, upon careful consideration of the factors set forth above, as applied to the facts of this case, the Court concludes that the Garnishees' disclosures should be stricken and Defendant should be permitted to seek entry of default against the Garnishees.

## II.   RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motions to Strike Garnishee Disclosures and for Entry of Default against Garnishees Dinghy Lifts, Inc. and Chareyl Schmidt (Docs. #27, 28) be **GRANTED**, that the Garnishees' disclosures (Docs. #12, 13) be **STRICKEN**, and that Defendant be permitted to seek entry of default against the Garnishees.

Dated: December 5, 2013          s/David R. Grand
Ann Arbor, Michigan          DAVID R. GRAND
         United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 5, 2013.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager