UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY P. SCHMIDT, JR.,   Case No. 13-mc-50607
                          Hon. Gerald E. Rosen
    Plaintiff/Counter-Defendant,   Magistrate Judge David R. Grand

v.

VERSACOMP, INC. and
RICHARD ULRICH,

    Defendants/Counter-Plaintiffs.
_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         May 7, 2014      

    PRESENT: Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

In a Report and Recommendation ("R & R") issued on December 5, 2013, Magistrate Judge David R. Grand recommends that the Court grant the motions filed by Defendants/Counter-Plaintiffs Versacomp, Inc. and Richard Ulrich requesting (i) that the disclosures made by garnishees Dinghy Lifts, Inc. and Chareyl D. Schmidt be stricken, and (ii) that Defendants be permitted to pursue the entry of defaults against Dinghy Lifts and Ms. Schmidt. On December 20, 2013, Ms. Schmidt filed objections to the R & R, both on her own behalf and as a representative of her fellow garnishee, Dinghy Lifts. Having reviewed the Magistrate Judge's R & R, Ms. Schmidt's objections, Defendants'

underlying motions, and the remainder of the record, the Court overrules Ms. Schmidt's objections and adopts the R & R in its entirety.

Ms. Schmidt's objections to the R & R merely reiterate her position, as stated in her initial garnishee disclosures and in other submissions to the Court, that neither she nor Dinghy Lifts are in possession of any funds owed to Ms. Schmidt's husband, Plaintiff/Counter-Defendant Anthony Schmidt. Be that as it may, however, the Magistrate Judge correctly observes that Defendants "need not merely accept Ms. Schmidt's unsworn statements" regarding the absence of funds subject to garnishment, but instead are entitled to explore these assertions by taking Ms. Schmidt's deposition and inspecting the records identified in Defendants' discovery requests. (R & R at 3; *see also* 10/24/2013 Order at 3-4.) Because Ms. Schmidt has steadfastly refused to comply with the Magistrate Judge's orders that she cooperate in Defendants' discovery efforts, and because she has yet to suggest any reason for this non-compliance — apart from her apparent (and mistaken) belief that her bare assertions should be sufficient, and should not be subject to testing through discovery — the Court fully concurs in the Magistrate Judge's determinations that Ms. Schmidt's and Dinghy Lifts' garnishee disclosures should be stricken, and that Defendants should be permitted to seek the entry of the defaults of these two garnishees.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the objections filed by garnishees Chareyl Schmidt and Dinghy Lifts, Inc. (docket #45) to the Magistrate Judge's Report and Recommendation are OVERRULED, and that the Magistrate Judge's December 5, 2013 Report and Recommendation (docket #43) is ADOPTED as the opinion of this Court.  IT IS FURTHER ORDERED, for the reasons stated in the R & R, that Defendants' July 10, 2013 motions to strike garnishee disclosures and for entry of defaults (docket #s 27 and 28) are GRANTED.  In light of these rulings, the garnishee disclosures made by Chareyl Schmidt and Dinghy Lifts, Inc. (docket #s 12 and 13) are STRICKEN, and Defendants may pursue the entry of defaults against Chareyl Schmidt and Dinghy Lifts, Inc., as well as any other available and appropriate relief, in accordance with the governing Michigan and federal law authorizing this relief.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  May 7, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 7, 2014, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135